# EXHIBIT C

Source: Legal > / ... / > 11th Circuit - US Court of Appeals Cases
Terms: name(reese) (Edit Search | Suggest Terms for My Search)

✦Select for FOCUS™ or Delivery
☐

*397 F.3d 1337, \*; 2005 U.S. App. LEXIS 1324, \*\*;*
*18 Fla. L. Weekly Fed. C 202*

UNITED STATES OF AMERICA, Plaintiff-Appellee, versus ERIC ORLANDO **REESE**, Defendant-Appellant.

No. 03-13117

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

397 F.3d 1337; 2005 U.S. App. LEXIS 1324; 18 Fla. L. Weekly Fed. C 202

January 27, 2005, Decided
January 27, 2005, Filed

**SUBSEQUENT HISTORY:** Appeal after remand at United States v. Reese, 2005 U.S. App. LEXIS 13707 (11th Cir. Ala., Mar. 14, 2005)

**PRIOR HISTORY:** [\*\*1] Appeal from the United States District Court for the Middle District of Alabama. D. C. Docket No. 02-00154-CR-2-N-1. United States v. Reese, 382 F.3d 1308, 2004 U.S. App. LEXIS 18605 (11th Cir. Ala., 2004)

**DISPOSITION:** AFFIRMED in part, VACATED in part, and REMANDED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant's initial brief on appeal raised a constitutional challenge to his sentence based upon on Apprendi. This objection was raised in the United States District Court for the Middle District of Alabama, and therefore defendant was entitled to preserved error review on appeal.

**OVERVIEW:** After the initial briefing in the instant case, the United States Supreme Court rendered its decision in Blakely. Because the issue had been preserved in the district court and in his initial brief on appeal, the appellate court requested and received supplemental briefs. The appellate court concluded that Blakely did not apply to the Federal Sentencing Guidelines and did not compel a departure from previous precedent of the Supreme Court and the appellate court. The Supreme Court's decision in Booker concluded that a sentence in a posture indistinguishable from the instant case did violate the Sixth Amendment. The Supreme Court vacated that sentence and remanded for resentencing pursuant to the holdings of Booker--both the Sixth Amendment holding and its remedial interpretation of the Sentencing Act. Here, the appellate court held that Booker had no effect on defendant's challenge to his conviction, but did have an effect on defendant's challenge to his sentence.

**OUTCOME:** The appellate court reaffirmed its affirmance of the judgment of the district court with respect to the conviction. However, in light of Booker, the appellate court vacated its previous opinion with respect to defendant's challenge to his sentence. The

appellate court vacated the judgment of the district court with respect to the sentence. The appellate court remanded to the district court for resentencing consistent with Booker.

**CORE TERMS:** sentence, resentencing, preserved, vacated, vacate

**COUNSEL:** For Eric Orlando Reese, Appellant: Susan Graham James, Susan G. James & Associates, Montgomery, AL.

For United States of America, Appellee: Susan Redmond, Montgomery, AL; Elizabeth A Olson, Washington, DC.

**JUDGES:** Before ANDERSON and BIRCH, Circuit Judges, and LAND *, District Judge.

* Honorable Clay D. Land, United States District Judge for the Middle District of Georgia, sitting by designation.

**OPINION:**

**[*1337]** PER CURIAM:

The panel's opinion in this case issued on September 2, 2004, and was published in 382 F.3d 1308 (11th Cir. 2004). The mandate was withheld pursuant to a request by an active judge. In addition to a challenge to his conviction for insufficiency of the evidence, Reese's initial brief on appeal also raised a constitutional challenge to his sentence based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), arguing that the district court invaded the province of the jury by finding that the firearm was possessed in connection [**2] with another felony, thus enhancing his sentence by four levels. n1 This objection was timely raised in the district court, and therefore Reese is entitled to preserved error review on appeal. After the initial briefing in this case, the Supreme Court decided Blakely v. Washington, 159 L. Ed. 2d 403, 542 U.S. 296, 124 S. Ct. 2531 (2004). Accordingly, and because the issue had been preserved in the district court and in his initial brief on appeal, we requested and received supplemental briefs. Our September 2, 2004, opinion concluded that Blakely did not apply to the Federal Sentencing Guidelines and did not compel a departure from previous precedent of the Supreme Court and this Circuit.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

N1 No other challenges to the judgment of the district court were raised in Reese's initial brief, and therefore he was not entitled to have the court entertain any other issues. See 382 F.3d at 1309-10 n.1.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

On January 12, 2005, the Supreme Court decided United States v. [**3] Booker, 543 U.S. ___, 160 L. Ed. 2d 621, 125 S. Ct. 738, 2005 U.S. LEXIS 628 (2005), concluding that a sentence in a posture indistinguishable from the instant case did violate the Sixth Amendment, and **[*1338]** therefore vacated the sentence and remanded for resentencing pursuant to the holdings of Booker - "both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act." Id., 543 U.S. ___, 2005 U.S. LEXIS 628, *92-93 (Op. of Breyer, J. for the Court); 2005 WL 50108 at *26.

Because Booker has no effect on Reese's challenge to his conviction, we reaffirm our affirmance of the judgment of the district court with respect to the conviction. However, in

light of Booker, we vacate our previous opinion with respect to Reese's challenge to his sentence; we vacate the judgment of the district court with respect to the sentence; and we remand to the district court for resentencing consistent with the Supreme Court opinions in Booker.

AFFIRMED in part, VACATED in part, and REMANDED.

Source: Legal > / . . . / > 11th Circuit - US Court of Appeals Cases
Terms: name(reese)  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Wednesday, January 11, 2006 - 6:09 PM EST

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ▦ - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.