# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
SEP 21 2006
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

September 20, 2006

Luther Thomas
Clerk, U.S. District Court
75 Spring St., N.W., Room 2211
Atlanta, GA 30303-3361

Re: Robert Ethan Miller v. USA
District Court Case Nos.: 1:06-CV-1643-ODE & 1:97-CR-496-ODE

-------------------------------------------------

Enclosed is a motion for certificate of appealability, to be construed as a notice of appeal, erroneously sent to this court and now forwarded to you for filing as of the date received by this court (September 20, 2006) in accordance with Fed.R.App.P. 4(d).

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

THOMAS K. KAHN, Clerk

By: <u>Wardell Lovelace</u>
    Assistant Supervisor
    Case Initiation

enc.

SEP 2 0 2006

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 1 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | DOCKET NO. 1:97CR00496-ODE-GGB-1 |
| | * | 1:06-CV-1643-ODE |
| ROBERT ETHAN MILLER | * | |
| | * | |
| DEFENDANT. | * | |

## PETITION REQUESTING CERTIFICATE OF APPEALABILITY

Comes now Petitioner Robert Ethan Miller pro se and petitions this Court to grant him a Certificate of Appealability (COA) in order to pursue this appeal of the District Court's dismissal of his 28 U.S.C. §2255 petition to the United States Court of Appeals for the Eleventh Circuit, and as grounds therefore, would state the following:

1. Miller filed a timely 28 U.S.C. §2255 pursuant to Section (4). The §2255 was dismissed on July 21, 2006.

2. Under 28 U.S.C. §2253, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner attempting to seek appellate review of a United States District Court's denial of a 28 U.S.C. 2255 motion must obtain a Certificate of Appealability (COA).

3. Said COA's are to be granted upon a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2).

4. Miller has met his burden, in that his 28 U.S.C. §2255 petition was timely filed pursuant to 28 U.S.C. §2255, Section (4). The District Court's ruling ignored this exception to the one year statute of limitations.

5. Petitioner/Appellant is entitled to said Certificate of Appealability.

6. A Supporting Memorandum of Law is attached hereto.

7. WHEREFORE, for the above stated reasons, Petitioner/Appellant petitions this Court to issue a Certificate of Appealability (COA) in the above styled case, granting him leave to appeal this Court's July 21, 2006 denial of his 28 U.S.C. §2255's.

Respectfully submitted this 19t day of September 2006.

_____
Robert Ethan Miller
48707-019
U.S.P.
P. O. Box 2099
Pollock, LA 71467

## CERTIFICATE OF SERVICE

I hereby certify that I filed on the 19t day of September 2006 with the Clerk of Court and sent notification of such filing to the following:

2

Christopher Wray
AUSA
755 Spring Street, S. W.
600 U. S. Courthouse
Atlanta, GA 30303

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 21 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| PLAINTIFF | * |
| V. | * DOCKET NO. 1:97CR00496-ODE-GGB-1 |
|  | * 1:06-cv-1643-ODE |
| ROBERT ETHAN MILLER | * |
| DEFENDANT. | * |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR CERTIFICATE OF APPEALABILITY

Comes now Petitioner Robert Ethan Miller pro se and in support of his petition for a Certificate of Appealability (COA) in the above styled case, states the following:

### INTRODUCTION

Miller filed a timely 28 U.S. §2255 pursuant to 28 U.S.S.C. §2255 Section (4). This Court denied Miller's §2255 on July 21, 2006. The basis was that the motion was untimely because his appeal was affirmed by the Eleventh Circuit Court of Appeals on January 2, 2000. The Courts order failed to consider the provisions of 28 U.S.C. §2255 Section (4) which extends the statute of limitations. Miller's 28 U.S.C. §2255 was filed within one year of receipt of the newly discovered information regarding the perjured testimony of Troy Plante.

The Anti-terrorism and Effective Death Penalty Act of 1996 (ADEPA) amended 28 U.S.C. §2253 to require a Certificate of Appealability (COA) for 28 U.S.C. §2255 petitioners who seek appellate review of a District Court's denial of a §2255 motion.

Although the law is somewhat ambiguous, most courts interpreting the COA requirements

1

have held that both the District Court and the Appellate Court may issue a COA. See, e.g., *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996 (en banc). Some Courts have held that the §2255 petitioner must apply to the District Court first. See, e.g., *Lozado v. United States*, 107 F.3d 1011 (2nd Cir. 1997), interpreting the COA requirement in the light of F.R.App.P. 22(b).

Though the United States Supreme Court has not spoken to the issue yet, it appears that federal courts must treat applications for a §2255 COA in the same manner as an application for a §2254 Certificate of Probable Cause (CPC). *Hunter, supra; Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997).

In ruling upon an application for a §2254 CPC (and by extension, a §2255 COA), the Court of Appeals is guided by the standard that the Certificate requires the defendant to make a "substantial showing" of a denial of a federal right. *Reault v. Butler*, 826 F.2d 299 (5th Cir. 1987). Generally, the Court of Appeals should issue the CPC or (COA) if the defendant has made said showing. *Moore v. Butler*, 819 F.2d 517 (5th Cir. 1987). A defendant need not show that he would prevail on the merits, but rather must demonstrate that the issues are subject to debate among jurists of reason, that Courts could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to go further. *Drew v. Collins*, 5 F.3d 93 (5th Cir. 1993); *Byrne v. Butler*, 845 F.2d 501 (5th Cir. 1988).

## ARGUMENT

Robert Ethan Miller was sentenced by this court in June 1998. The primary witness against him in the murder for hire and the attempted murder cases was habitual criminal Troy Plante. Within the past 12 months, prior to filing the 2255 Miller through Florida counsel

obtained an affidavit from Plante wherein Plante states that he committed perjury during the trial and he disclosed certain undisclosed benefits given to him by the United States Government. (Exhibit A)

Pursuant to §28 U.S.C. 2255, Section (4), Miller was within one year of receipt of the new information from Plante when the 28 U.S.C. § 2255 was filed on July 11, 2006. The petition was timely filed during a period of time Miller's counsel, Susan G. James, was out of town on vacation. James thought that her office staff had successfully secured the services of a duly licensed attorney in the Northern District of Georgia to serve as local counsel. James did not learn until July 11, 2006 that this had not been accomplished. In an effort to timely file within one year of receipt of the Plante affidavit as contemplated under 28 U.S.C. §2255, Section (4), James prepared the pleadings for filing pro se with reference to her counseled assistance on the 2255. It was stated she would seek the services of local attorney. However, in order to avoid an untimely filing James requested that the pleadings be accepted as pro se by Miller should the court not grant additional time to seek local counsel.

On July 12, 2006 James was notified by the Clerk's office that the pleadings could not be filed because they were pro se yet her name was contained within the pleadings indicating that she had prepared them for Miller.

James, after consultation with the Clerk's Office, decided it would be best to remove any reference to her name from the document and file it strictly pro se. It was filed pro se by Ethan Miller.

James had the modified and corrected 28 U.S.C. §2255 filed by private courier in the Clerk's Office in the United States District Court on July 14, 2006. The same document had been

3

sent by U. S. Mail and arrived at the court and was filed on July 17, 2006. The July 14, 2006 and July 16, 2006 documents are exactly the same.

This court in an order of July 21, 2006 struck documents 150 and 151, the original motion and memorandum in support of the 2255 filed on July 11, 2006. **The court then determined that Miller's pro se filing of July 14, 2006 was untimely in that he was sentenced in October, 1998 and that more than one year had passed since his appeal was denied by the Eleventh Circuit in January, 2000.**

The provision under 28 U.S.C. §2255 (4) provides for a timely filing within one year of receipt of the newly discovered information. Section 2255 provides that: [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from latest of .. (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Subsection (4) "does not require the maximum feasible diligence only 'due' or reasonable diligence." *Wims v. United States*, 225 F.3d 186, 190 n 4 (2nd Cir. 2000).

Miller discovered the facts through due diligence. The Plante admissions were controlled by Plante and Miller had no way to force it or control the timing. It is possible Plante waited until the statute of limitations on a perjury charge had expired.

Miller filed the 2255 after he discovered the relevant facts. Plante's sworn admission should not have been dismissed as time barred. *Locascio v. United States*, 395 F.3d 51 (2nd Cir. 2005).

Miller's 2255 was due to be considered on the merits. The newly discovered evidence is being attached to this document as Exhibit A for the Court's consideration.

4

Miller submits that this court's dismissal of the 28 U.S.C. §2255 based on the statute of limitations problem was premature given the nature and timing of the information contained in Exhibit A.

10. Therefore based on the above Miller respectfully requests that this court grant the certificate of appealability on its dismissal of the 28 U.S.C. § 2255 on July 21, 2006.

## CONCLUSION

WHEREFORE, for the above-cited reasons and citations to authority, Petitioner/Appellant Robert Ethan Miller requests that this Court issue a Certificate of Appealability to the United States Court of Appeals for the Eleventh Circuit to hear his appeal in the above-styled case.

Respectfully submitted this 19th day of September 2006.

*/s/ Robert Ethan Miller*
Robert Ethan Miller - 48707-019
U.S.P.
P. O. Box 2099
Pollock, LA 71467

## CERTIFICATE OF SERVICE

I hereby certify that I filed on the 19th day of September 2006 with the Clerk of Court and sent notification of such filing to the following:

Christopher Wray
AUSA
755 Spring Street, S. W.
600 U. S. Courthouse
Atlanta, GA 30303

# EXHIBIT A

T.M.P.

## AFFIDAVIT

**I, TROY M. PLANTE**, having first been sworn, do hereby depose and state as true the following:

1. I testified as a witness in a case styled United States of America v. Robert Ethan Miller, Jr., United States District Court Northern District of Georgia Atlanta Division, Case Number 1:97-CR-496-01-0DE(s).

2. I am currently incarcerated in the Florida Department of Corrections at New River Correctional Institution "O" unit.

3. My inmate number is V00070 and my date of birth is May 10, 1968.

4. I am currently serving a minimum mandatary sentence of three (3) years for the offense of possession of firearm by a convicted felon.

5. I first became acquainted with Robert Ethan Miller, Jr. while incarcerated in Cobb County, Georgia.

6. Mr. Miller and I were placed in the same cell, which was shared by a number of other persons.

7. At the time of my incarceration in Cobb County, I was charged with grand theft.

8. I initiated contact with the United States Secret Service through my court appointed attorney, whom I advised that Mr. Miller had been making certain statements and overtures to me in the county jail.

9. I met with agents of the Secret Service and advised them that Mr. Miller had attempted to procure my services to kill Jennifer Diane Ashford, who was or had been his girlfriend and was the mother of his child.

10. After advising the United States Secret Service that Mr. Miller had requested that I cause the death of Jennifer Diane Ashford, I was released from the Cobb County jail and at various times was requested to wear a wire or other recording equipment and record conversations with Mr. Miller and others.

11. To the best of my knowledge the recordings never revealed any information other than circumstantial or tangential to the attempt/solicit of murder charges.

Affidavit of Troy M. Plant
In Re: Robert Ethan Miller, Jr.
Page 1 of 5

T.M.P.

12. Pursuant to my representations to the United States Secret Service and the United States Attorney's Office, Mr. Miller was charged the solicitation to commit murder and attempt to commit murder.

13. Mr. Miller paid for or arranged the payment for the bond which was required for my release from the Cobb County Jail. The Secret Service allowed my to keep the bond money for my personal use.

14. Subsequent to my release from the Cobb County Jail, I relocated to the State of Florida in the St. Augustine area.

15. At the time of trial, the US Government paid for my transportation to Atlanta and my lodging there.

16. During the course of my trip to Atlanta, the U.S. Government arranged for payment of several hundred dollars per day during my stay.

17. Upon demand of the government, I traveled to Georgia approximately two (2) weeks prior to the scheduled trial.

18. During that time, on approximately ten (10) to fifteen (15) occasions, I was transported to the U.S. Attorney's Office and instructed to listen to my previously recorded statement in order to refresh my memory in preparation for trial, so that there not be a deviation in my testimony from the statements given on the recording.

19. At trial, I testified in a manner consistent with my recorded statement and followed the instructions of the U.S. Attorney to not deviate or depart from the substance of the recorded statement.

20. My testimony at the trial was that Robert Ethan Miller, Jr. did solicit or attempt to solicit my participation in the murder or unlawful killing of Jennifer Diane Ashford. I was to perform the killing and disposal of the body.

21. The statement given to the United States Secret Service and its agents, the grand jury, and the U.S. Attorney, where incorrect, misleading, and fabricated.

22. In fact, Robert Ethan Miller, Jr., at no time mentioned any desire or intention to cause bodily injury or to kill Jennifer Diane Ashford.

23. This statement and those statements connected to this allegation were fabrications on my part.

T. M. P.

24. These fabrications were relayed to the various United States officials because I saw an opportunity to concoct a story, which if believed by the government, might result in a reduction of sentence or some consideration concerning my grand theft charge.

25. My child and the mother were living on the street and needed the help I could provide if released from custody.

26. I believed at the time that I was facing three (3) years incarceration for the grand theft charge that was pending against me.

27. Ultimately, following my cooperation with the government, I received probation for the grand theft charge. The probationary sentence was a reward for my incriminating testimony against Mr. Miller.

28. One of the items of evidence that I provided to the government as corroboration for my story was a map showing where the alleged intended victim, Jennifer Diane Ashford, was located.

29. Mr. Miller did in fact provide information concerning her whereabouts and the place which she could be located, but this information was not provided in connection with any plot, attempt, effort, or desire on the part of Mr. Miller to cause or anyone else to cause harm to Ms. Ashford.

30. Mr. Miller provided the location information and I drew the map. My testimony that he drew the map was untrue.

31. Mr. Miller had requested that I perform certain tasks for him which would entail contact with Ms. Ashford, and that was the purpose for the directions or map.

32. To the best of my knowledge, in fact, Ms. Ashford visited Mr. Miller while he was incarcerated at the Cobb County Jail.

33. Mr. Miller did discuss with me performing certain actions, such as moving stolen property and drugs in exchange for which he would pay my bond and, ultimately, after all the tasks where completed, the sum of $5,000.00.

34. While it is true that Mr. Miller requested my involvement in certain other criminal activity, in my estimation, the disclosure to the government of such overtures would not be sufficient to interest the government in using me as an informant.

T. M. P.

35. Accordingly, I distorted some of the facts to fit into a fabrication of solicitation to commit murder.

36. For example, I testified that the duffle bag would be used to dispose of Ms. Ashford's body. In fact, the purpose of the duffle bag would have been for the transportation of marijuana.

37. However, none of these activities contemplated any violence or harm to any person, including Jennifer Diane Ashford.

38. Prior to the time of trial, I expressed my reluctance to the government to testify as a witness in this case. My reluctance was based in large part on the fact that my testimony was untrue as the same related to the contemplation or commission of murder or causing the death, or injury to any person.

39. The response of the government to my reluctance was that if I failed to testify in accordance with my previous statements, I would be sentenced to prison on the grand theft charges and would be charged as a co-conspirator in the contemplated and/or attempted murder of Jennifer Diane Ashford.

40. In addition, to the previously mentioned sums paid, the government provided me over $300.00 to obtain clothing for the trial.

41. I was instructed to purchase outfits which would make me look like "street person", or a killer. The outfits were to be cut so that my tattoos would be prominently displayed for the jury. I have tattoos on my arms, upper arms and torso which the government indicated would cause the jury to believe that I was a likely accomplice in an act such as murder.

42. I continued the fabrication of my story because I did not want to be charged as a co-defendant with Mr. Miller, nor be sent to prison on the original charge of grand theft in Cobb County.

43. At no time was I interviewed by Mr. Miller's attorney or investigator prior to trial.

44. At no time did I offer the U.S. Government a statement of the genuine truth.

45. Despite attempts by the U.S. Government, no other person in that cell could or did corroborate my fabricated story.

*T. M. P.*

46. I am making this statement freely, knowingly, and voluntarily. I understand that the attorney that has prepared this affidavit represents Mr. Miller and does not represent me, and that I have the right to independent counsel and representation, which I waive for the purpose of making this affidavit.

47. No representation has been made to me by the attorney drafting this affidavit, or by any other person, that my legal position will not be adversely affected or impacted in making these statements, or that I cannot be charged in connection therewith.

48. My motives in executing this affidavit include the following:

   A. I wish to clear my conscience in that my false testimony has caused Mr. Miller to serve a lengthy prison sentence for acts or actions which he did not commit; and

   B. The fact that he was given a significant sentence for the charges involving the contemplated death of Jennifer Diane Ashford have caused a separation between him and his child, the mother of whom is Jennifer Diane Ashford.

49. Further affiant sayeth not.

**STATE OF FLORIDA**
**COUNTY OF** __BRADFORD__

I have read the foregoing and under penalties of perjury it is accurate and complete to the best of my knowledge and belief.

_/s/ Troy M. Plante_
**TROY M. PLANTE**

Affirmed before me, on __7-14-05__, by **TROY M. PLANTE**:
[ ] who is personally known to me, or
[✓] who produced the following identification: __Doc ID__.

**TROY M. PLANTE** personally appeared before me at the time of notarization, and, after being given the oath, acknowledged signing the foregoing document.

_/s/ Notary_
Notary Public
Notary Stamp:



JOHN E. MAINES, IV
Notary Public, State of Florida
Commission # DD 153668
Expires October 12, 2006

Affidavit of Troy M. Plant
In Re: Robert Ethan Miller, Jr.
Page 5 of 5

T.M.P.