IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | NO. 1:97-CR-496-01-ODE |
| v. | : | |
| | : | |
| | : | CIVIL ACTION |
| ROBERT ETHAN MILLER | : | NO. 1:06-CV-1643-ODE |
| | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION REQUESTING
CERTIFICATE OF APPEALABILITY OF THE DISMISSAL OF HIS 28 U.S.C. §
2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Comes now the United States of America, by Bernita Malloy, Assistant United States Attorney for the Northern District of Georgia, and files this response to Miller's petition for a Certificate of Appealability ("COA") of the District Court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Docket No. 160).

I.   OVERVIEW

Defendant Robert Ethan Miller has petitioned this Court to issue a COA for the dismissal of his Section 2255 motion. The District Court dismissed the motion as time-barred because the petition was filed more than a year after the defendant's judgment of conviction became final. (Docket No. 156). Miller's first basis for his Section 2255 claim is that his appellate counsel was

1

ineffective by failing to raise *Apprendi*-like claims on appeal.[1] Miller's second basis for his Section 2255 claim is alleged *Giglio* violation based on an affidavit by Troy Plante dated July 14, 2005. (Docket No. 153). In the affidavit, Troy Plante alleges that he supplied perjured testimony at trial. (Docket No. 153, Exhibit A).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 (Pub. L. No. 104-132, 110 Stat. 1214), which amended portions of Section 2255, created a one-year time limit on filing Section 2255 motions. See 28 U.S.C. § 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] At the time of Miller's direct appeal, *Apprendi* had not been decided so Millier alleges that appellate counsel should have raised the *Apprendi* issue (failure to submit sentence-enhancing factors to the jury for a finding beyond a reasonable doubt) based on prior cases.

28 U.S.C. § 2255 (as amended by the AEDPA) (1997).

## II.   ARGUMENT

A. The District Court Should Not Issue a Certificate of Appealability.

The District Court may issue a COA following the final order in a 28 U.S.C. § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©.  Where the district court denies a 28 U.S.C. § 2255 motion on procedural grounds without reaching the merits of the habeas petition, the United States Supreme Court requires that the defendant show (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Both components must be established before this Court can grant a COA. Id. at 485.

1. Ineffective Assistance of Counsel

   a. It is not debatable that the motion based on this claim is time-barred under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255(1), a conviction does not become final until the later of (1) the date the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, Washington v. United States,

243 F.3d 1299, 1300 (11th Cir. 2001); or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires, that is, ninety days from the date judgment was entered. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).

The judgment against Miller was entered on October 8, 1998. (Docket No. 136). Miller timely filed a notice of appeal. (Docket No. 140). The Eleventh Circuit Court of Appeals affirmed the judgment against Miller on January 12, 2000. (Docket No. 143). Because Miller declined to file a petition for a writ of certiorari, his judgment of conviction became final 90 days after January 12, 2000. The claim is equally time-barred under 28 U.S.C. § 2255(4) because the facts underlying the ineffective assistance of appellate counsel were discoverable as soon as the Court of Appeals affirmed the conviction–January 12, 2000.

Miller's § 2255 petition, however, was not filed until July 14, 2006, (Docket No. 153), more than six years after the one-year anniversary of his judgment of conviction becoming final and the underlying facts becoming discoverable. As such, the procedural ruing that Miller's Section 2255 motion was time-barred on the ineffective assistance of counsel claim is not debatable. See Lawrence v. Florida, 421 F.3d 1221, 1225 (11th Cir. 2005) ("If the procedural bar is obvious and the district court correctly invoked it to dispose of the case, 'a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

4

that the petitioner should be allowed to proceed further'."). Therefore, this Court must deny the COA for this issue because the procedural ruling is not debatable.

### 2. *Giglio* Claim

#### a. It is debatable whether the *Giglio* claims based on the submitted affidavit is untimely under 28 U.S.C. § 2255

Miller asserts that his Section 2255 motion for his *Giglio* claim is timely based on 28 U.S.C. § 2255(4). The facts underlying the alleged claim are based upon an affidavit signed by Troy Plante on July 14, 2005 in which he claims his testimony at trial was perjured. (Docket No. 160, Exhibit A). Under 28 U.S.C. § 2255(4), the one-year time limit begins to accrue from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Miller claims that because the affidavit is dated July 14, 2005, that is the date he discovered the new evidence underlying his constitutional claim. (Docket No. 160). Therefore, under 2255(4), any motion filed on or before July 15, 2006 would be timely.[2] If Miller learned of Plante's recantation prior to the date the affidavit was taken, however, then the facts underlying

---

[2] In Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court held that in determining whether a Section 2255 motion was filed within AEDPA's one-year statute of limitations, "the day of the act, event or default from which the designated period of time begins to run shall not be included" per Federal Rule of Civil Procedure 6(a).

the claim were discovered prior to July 14, 2005. Thus, the one-year time limit would be triggered sometime prior to July 14, 2005 and his claim would not be timely. Because of the limited record available on Miller's exercise of due diligence in obtaining the information in the affidavit, the Section 2255(4) exception to the one-year limitation to filing a motion may be appropriate. Thus, the procedural ruling dismissing the Section 2255 motion as time-barred is debatable for this issue.

      b.  This Court still should not issue a certificate of appealablity because it is not debatable that the *Giglio* claims is without merit.

In a habeas petition, to prevail on a claim that his conviction was secured with perjured testimony, Miller must show "that the testimony was false, that the state knew the testimony was false, and that the false testimony was material." Stephens v. Hall, 407 F.3d 1195, 1205 (11th Cir. 2005)(quoting Routley v. Singletary, 33 F.3d 1279, 1286 (11th Cir. 1994). Assuming *arguendo* that the recanted testimony in Miller's case was false and material, Miller fails to make any specific allegations showing that the government knew that Plante's testimony was false.[3]

---

[3] Miller's only suggestion of Government knowledge is that Plante's affidavit states that when he told the government he was reluctant to testify, "the government" told him he could be charged as a co-conspirator if he "failed to testify in accordance with [his] previous statements." (Docket No. 153, p. 9; Docket No. 160, Exhibit A).
 This type of argument has been rejected by the Eleventh Circuit Court of Appeals as evidence only of strong pressure, not the

Plante's affidavit, if accepted as truthful, shows only that Plante, on his own and prompted by no one else, sought to obtain a reduced sentence by lying to the United States Secret Service, the United States Attorney, and by testifying falsely at trial on his own accord. For instance, paragraph 24 of Plante's affidavit states:

> These fabrications were relayed to the various United States officials because I [Plante] saw an opportunity to concoct a story, which if believed by the government, might result in a reduction of sentence or some consideration concerning my [Plante's] grand theft charge.

(Docket No. 160, Exhibit A). Compare Davis v. Terry, — F.3d – (11th Cir. 2006) (Case No. 04-13371) (holding that the affidavit of a recanting witness shows only that the witness concocted his trial testimony on his own to get even with the defendant so there is no indication the State knew the testimony was false).

Simply put, Miller has not alleged that the purportedly false testimony given in his criminal trial was the result of any constitutional violation by the Government. Miller cannot support a *Giglio* claim as a matter of law. Thus, it is not debatable that Miller has failed to state a valid claim of the denial of a

---

prosecution's encouragement of perjured testimony. Jacobs v. Singletary, 952 F.2d 1282, 1286 n.2 (11th Cir. 1992) (warning a witness that "she might suffer an increased jail sentence if she failed to testify" was not an encouragement of perjury).

constitutional right.

### III. Conclusion

The District Court should not grant Miller's petition for a COA. The defendant has failed to show that a reasonable jurist could find *both* the procedural ruling and the validity of the claim for the denial of a constitutional right debatable. First, it is not debatable that the ineffective assistance of counsel claim is time-barred. Second, it is not debatable that Miller fails to state a valid *Giglio* claim. Therefore, Miller's petition for a COA should be denied.

DAVID E. NAHMIAS
UNITED STATES ATTORNEY


/s/ Bernita Malloy
BERNITA MALLOY
ASSISTANT UNITED STATES ATTORNEY
600 U.S.Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6052
(404)581-6181
Georgia Bar No. 718905

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Robert Ethan Miller - 48707-019
        U.S.P.
        P.O. Box 2099
        Pollock, LA 71467

This 12th day of October.

        /s/Bernita Malloy
        _____
        BERNITA MALLOY
        ASSISTANT UNITED STATES ATTORNEY