IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| PLAINTIFF | * |
| V. | * DOCKET NO. 1:97-cr-00496-ODE-GGB |
| ROBERT ETHAN MILLER | * |
| DEFENDANT. | * |

POST HEARING BRIEF

Comes now, Ethan Miller, by and through undesigned counsel and files this his post hearing brief after the conclusion of an evidentiary hearing on January 25, 2008 and in support thereof states the following:

## I. PROCEDURAL HISTORY

Miller was convicted in a jury trial on two counts of manufacturing and distributing counterfeit currency; solicitation to kill a witness in violation of 18 U.S.C. §373 and 1512(a)(1)(A); and attempt to murder a witness in violation of 18 U.S.C. §1512(a)(1)(A)(2). The solicitation and attempted murder counts were added in a superceding indictment on information given by a fellow jailhouse inmate who Miller had befriended, Troy Plante. Miller was sentenced in October 1, 1998. He received 110 months for the counterfeiting charges and 240 months for the solicitation to commit murder and the attempted murder. The counterfeiting sentence was to run consecutive to the attempted murder and solicitation sentences of 240 months, which were run concurrently. As a result Miller has a sentence of 350 months.

Miller filed a timely notice of appeal on November 19, 1998. The Eleventh Circuit Court of Appeals affirmed Miller's conviction and sentencing in 1999 (202 F.3d 287). Miller did not file any other post trial motions. It was not until July of 2006 that Miller filed a 28 U.S.C. §2255(4) based on newly discovered evidence . The procedural history is addressed on the docket sheet and stated in Section V(A) of this brief.

## II.  THE FACTS

For many years Miller attempted to locate Troy Plante to ask him to tell the truth as Miller contended that Plante had been untruthful in his testimony at trial and that Miller had never associated Plante to kill Miller's wife.

A friend of Miller's, Michael Mullen, became an intermediary between Plante and Miller. Mullen retained the services of a Florida lawyer, John Maines, to interview Plante and secure an affidavit from Plante as Plante had indicated that he was recanting his prior trial testimony and exonerating Miller of the attempted murder and solicitation to commit murder charges for which Miller received consecutive 240 month sentences.

The undersigned does not have the benefit of the evidentiary hearing transcript relating to the 28 U.S.C. §2255.  However, as counsel understands the testimony of John Maines he was contacted by Mr.  Mullen.  He set up a visit with Plante at the Florida Correctional Facility where Plante was being held as a Florida prisoner.  Maines actually visited with Plante and took a recorded statement (now in evidence) wherein Plante completely and candidly recanted his testimony against Miller at trial.

Maines returned to his office and prepared an affidavit as closely as possible to the verbal information that was given him by Plante.  Maines prepared an affidavit for Plante's signature and Plante initially refused to sign the affidavit.

After Mullen, Miller, and Maines had come to the realization that Plante might never sign the affidavit, Miller unbeknownst to the undersigned until the first evidentiary in this case, had a cell mate sign the prepared affidavit of Troy Plante, as Plante.  The affidavit was not notarized. Miller forwarded the forged unnotarized affidavit to his mother for forwarding to his former in-laws and his former wife, who was the alleged victim of the attempted murder and solicitation to commit murder.

Miller testified at the evidentiary hearing that the signature on the affidavit offered into evidence by the Government as the March affidavit was not Plante's signature and that he had his

cell mate sign it at the prison.  The reason was he never anticipated Plante coming forward and doing the right thing by signing the affidavit prepared by Maines.  He simply wanted his family to know that he was not guilty of the charges.  Miller has a child with the alleged victim and wanted at some point and time, upon his release, to re-establish ties with his son.

After initially refusing to sign the affidavit, in a surprise move, Plante contacted Maines, and indicated that he was ready to sign the affidavit.  Maines contacted Mullens for authorization to again visit the prison and for additional fees for the purpose of securing Plante's sworn signature on the affidavit.  Mullens, in an email, authorized Maines to make **one final visit** to see Plante at the facility, but to assure Plante this would not happen again.

With Mullen's authorization, Maines returned to the correctional facility and presented Plante with the affidavit that he had prepared for him.  Plante signed the affidavit.  It was notarized by Maines and it was forwarded to undersigned counsel for inclusion in a 28 U.S.C. §2255.  The evidence would reveal that the undersigned and Maines did not work together on this effort and the undersigned was only the recipient of the signed affidavit.  The affidavit was signed on July 14, 2005.  Counsel for Miller filed a 28 U.S.C. §2255(4).  It was submitted to the Court within the one year filing deadline required under 28 U.S.C. §2255(4).

### III.  TIMELINESS

This Honorable Court, in response to the 28 U.S.C. §2255, entered an order dismissing the 28 U.S.C. §2255 as untimely.  The undersigned filed a request for a Certificate of Appealability because the Court appeared to have ignored the rule set forth in 28 U.S.C. §2255(4).  This Court granted the Certificate of Appealability and the matter was then submitted to the Eleventh Circuit of Appeals for disposition.  Counsel for Miller filed an opening brief in the Eleventh Circuit Court of Appeals, Case No. 06-15198-FF.

During the pendency of the appeal at the Eleventh Circuit, the United States Government for the Northern District of Georgia filed numerous requests of this Court to seek remandment of the case from the Eleventh Circuit to the District Court to have a hearing on the **timeliness** of the

petitioner's 28 U.S.C. §2255(4). The Government in the process apparently uncovered the affidavit and correspondence sent to Miller's ex-wife and in-laws in March 2006 wherein he had his cell mate forge the affidavit of Troy Plante, without notarization.

It should be noted that at the evidentiary hearing on January 25, 2008 when Plante testified, the Government attempted to have Plante identify the signature on the forged affidavit as his own. However, on redirect the undersigned gave Plante the July 14, 2005 affidavit which was notarized by Maines and attested to by Maines as the one that was signed by Plante and compare it to the March 2005 forged affidavit, which Miller had a cell mate sign. Plante, in comparing both of those signatures, disavowed the signature as his on the March 2006 affidavit and identified the signature on the July 14, 2005 affidavit as his own.

Despite the Government's efforts at the January 25, 2008 evidentiary hearing to suggest otherwise, it was made clear that Plante had only signed an affidavit in Maines presence on Maines last visit with him at the prison July 14 2005. He acknowledged he may have received copies of the unsigned affidavit. However, it was not until he signed the affidavit and executed it in front of Maines in July 2005 that he ever signed and/or notarized the affidavit.

At the evidentiary hearing when John Maines testified, his testimony was compelling and candid as relates to his interaction with Plante and the circumstances under which the affidavit was obtained. Counsel does not remember the exact testimony of Maines, but it appeared that he did not think there was anything worthwhile to send on Miller's behalf to the undersigned until such time as he had a signed affidavit. Counsel previously submitted to this Court case law in support of this position.

## IV. RECANTATION

At the January 25, 2008 evidentiary hearing when Plante testified his testimony was completely consistent with the affidavit he prepared that formed the basis of the 28 U.S.C. §2255 and request for new trial. Plante testified that he had limited communication with Miller prior to this litigation. He felt bad because someone had done the same thing to him in an unrelated case

4

(lied) and that his conscience got the best of him and he wanted to clear the record. He also indicated he was concerned about coming forward earlier because of the statute of limitations wherein he might receive a perjury charge. He discussed the possibility of a perjury charge with Attorney Maines and he also did some research at the prison to determine that the statute of limitations on perjury had passed. Further, he had received information from Miller with regard to the five year statute of limitations. He felt comfortable after realizing the statute of limitations had expired on perjury and he finally came forward.

While Plante is obviously a sophisticated career offender, his testimony was unshakeable despite vigorous cross examination by AUSA Langway. The only thing that Plante appeared to hedge on were his unsuccessful attempts to extort money from Miller. Plante's testimony was on point with the matters contained within the 28 U.S.S.C. §2255. His testimony, as well as the statements represented in the affidavit, were far too detailed for him to be lying or have an ulterior motive.

## V. SUMMARY

**(A) Timeliness**

The Court now has before it two issues. The Government moved the Court to withdraw the Certificate of Appealability and deny relief on the 28 U.S.C. §2255 and argued the 2255 was untimely. Under the Government's theory the acquisition of the information that Plante had lied and/or acquisition of an affidavit which was unsigned was in some way proper notice to Miller that Plante had recanted and that he should have filed his 28 U.S.C. §2255 no later than March, 2006. Miller strenuously disagrees. Miller had no credible evidence to bring forward for purposes of a 28 U.S.C. §2255 until Maines secured the signed, sworn affidavit of Plante dated July 14, 2005.

The Government's theory is Miller should have filed his 28 U.S.C. §2255 the day that Plante first told his story because Miller knew from the very beginning that Plante was lying. Incredulously, we are expected to believe that Miller would have sat in prison since 1998 knowing

5

that Plante had fabricated his story with regard to the solicitation and attempt to commit murder, without previously filing any post conviction pleading. It was not until Plante had a change of heart and was willing to swear to his false and perjured testimony at Miller's trial that Miller had the hope of securing a new trial in this case. It was not until Miller actually had in hand the affidavit from Plante dated July 14, 2005 that he had **credible evidence to go forward**.

This Court should know that if Miller had submitted an unsigned, unsworn, affidavit and/or an affidavit from John Maines with regard to the recantation that was taped and given to him by Plante during the course of their first meeting at the Florida prison, the Government would have moved to dismiss indicating there was no credible evidence. As this Court could take judicial in 28 U.S.C. §2255 pleadings, summary judgment is normally the rule of thumb unless affidavits in support of positions are filed. Simple assertions are inadequate to defeat motions for summary judgement, as affidavits are required. This case should be no different.

Miller submits that he filed his 28 U.S.C. §2255(4) within one year of obtaining the newly discovered evidence, i.e., the sworn Plante affidavit of July 14, 2005. There is nothing in the rules or case law to require under 28 U.S.C. §2255(4) that Miller was obligated or required to file any sooner than the one year statute of limitations expiration, July 13, 2006.

**(B) Recantation**

The other question before the Court is the merits of the 28 U.S.C. 2255. Although the remand from the Eleventh Circuit was for the limited purpose of determining the timeliness issue after repeated urging by the Government, the facts of this case as unfolded at the evidentiary hearing show that the statute of limitations pursuant to 28 U.S.C. §2255(4) was not triggered until Miller had the signed, sworn to, affidavit of Plante, dated July 14, 2005. In further support of the timeliness issue we now have the testimony of John Maines, a Florida lawyer, whose testimony was absolutely uncontroverted with regard to Plante's candor and the information which was contained in the July 14, 2005 affidavit, an exhibit to the 28 U.S.C. §2255.

There is also the testimony of Robert Ethan Miller, candid and forthright as to the timeliness issue. We now have the testimony of Troy Plante, who not only testified as to the timeliness issue with regard to when he signed the affidavit, but also the recantation of his trial testimony admitting he had committed perjury at Miller's trial in relation to the attempted murder and solicitation to commit murder convictions for which Miller received a 240 month consecutive sentence.

It is clear from Plante's testimony that he took some limited information about Miller wanting him to do some things for him on the outside after Plante would be released on bond involving marijuana distribution and expanded it into a murder case. There was simply no information or urging on Miller's part, for Plante to kill his ex-wife or harm anyone.

Based on Plante's recantation it is clear that Miller's conviction with regard to the solicitation and attempt to commit murder charges for which he was convicted and received 240 month consecutive sentences was based on perjured testimony. Plante gave that testimony in exchange for leniency on his behalf and he has now come forward, all these years later, to correct that testimony because someone recently lied on him.

There is no way this Court can ignore his sworn affidavit, and now his sworn testimony consistent with his affidavit, that as a result of his perjured testimony Miller was falsely convicted and is suffering severe punishment as a result.

Miller has now been in prison for over ten years. His 110 month sentence on the counterfeiting charge is complete. In fact, he has now served over the sentence that was required for the counterfeiting charge, minus good time credit. Miller's convictions as to the solicitation to commit murder and attempt to commit murder should be vacated and Miller should be released forthwith from custody. The issue of a new trial really should not be of issue because it was Plante, and Plante alone, who convicted Miller on the charges of solicitation and attempt to commit murder. He now confesses he lied at trial. Miller should be set free.

Respectfully submitted

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No:ASB7956J64S

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on February 22, 2008 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Richard M. Langway
AUSA
75 Spring Street, S. W.
Atlanta, GA 30303

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No:ASB7956J64S